SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
RICHARD J. SIMMONS, Cal. Bar No. 72666
TRACEY A. KENNEDY, Cal. Bar No. 150782
DANIEL J. McQUEEN, Cal. Bar No. 217498
LIMORE TORBATI, Cal. Bar No. 301932
NATASHA L. DOMEK, Cal. Bar No. 314589
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant
DIGNITY HEALTH

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VAN BEBBER, on behalf of himself and all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>DIGNITY HEALTH, a California Corporation; dba MERCY MEDICAL CENTER - MERCED, and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 19-149<br>Merced County Case No. 17-CV-02311<br><br>**DEFENDANT DIGNITY HEALTH'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 29 U.S.C. § 185 (LMRA PREEMPTION) AND 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**<br><br>Complaint Filed: July 13, 2017<br>FAC Filed: September 13, 2017<br>SAC Filed:  January 14, 2019<br>Trial Date: None |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

-1-

**PLEASE TAKE NOTICE** that, Defendant Dignity Health, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Merced, to the United States District Court for the Eastern District of California.  This Court has subject matter jurisdiction over Plaintiff's lawsuit.  As recently enunciated by the Ninth Circuit Court of Appeals in <u>Curtis et al. v. Irwin Industries, Inc.</u>, 913 F.3d 1146, 1149-1150 (2019), Plaintiff's "claim for overtime pay is preempted under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514, and [Plaintiff] worked under such an agreement."  As explained by the Court, "[b]ecause [Plaintiff's] right to overtime exists solely as a result of the CBA, his claim that [Defendant] violated overtime requirements … is preempted under § 301."  <u>Id.</u> at 1155 (internal citation omitted for clarity).  Accordingly, removal is proper based on these grounds, as set forth more fully below:

## BACKGROUND

1. On or about July 13, 2017, Plaintiff filed a proposed class action complaint against Defendant in the Superior Court of the State of California, County of Merced, Case No. 17-CV-02311 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2. On or about September 13, 2017, Plaintiff filed a First Amended Complaint ("FAC") against Defendant.  A true and correct copy of the FAC is attached hereto as **Exhibit B.**

3. On or about January 14, 2019, Plaintiff filed a Second Amended Complaint ("SAC") against Defendant.  A true and correct copy of the SAC is attached hereto as **Exhibit Z.**  This is the operative complaint.

4. The SAC purports to assert claims for relief arising out of Plaintiff's employment with Defendant, on behalf of a proposed class of all non-exempt employees of Defendant who worked in California at any time since July 13, 2013.

Specifically, Plaintiff brings claims for: (1) violations of Business and Professions Code section 17200; (2) unpaid wages and penalties pursuant to Labor Code sections 218, 226, 510, 511, 1194, and 1998 (i.e. overtime); (3) failure to pay all wages due to illegal rounding; (4) failure to provide meal breaks; (5) failure to provide accurate itemized wage statements pursuant to Labor Code section 226; (6) violations of the Private Attorneys General Act (Labor Code sections 2698-2699); (7) failure to provide rest periods; and (8) failure to pay wages of terminated or resigned employees.

5. On February 6, 2019, Defendant filed its answer to Plaintiff's SAC. In relevant part, as its twenty-first affirmative defense, Defendant contends Plaintiff's overtime claim is barred pursuant to Labor Code section 514. Defendant's twenty-first affirmative defense reads, "Plaintiffs and/or members of the putative class who worked 10-hour or 12-hour alternative work schedules and were paid at their base rate of pay for the first 10 or 12 hours of their shift, respectively, pursuant to a CBA, are barred from recovering relief on Plaintiffs' Second Cause of Action for overtime pay because Defendant relied on the overtime exemption set forth in Labor Code section 514." (Ex. BB, ¶22.) Moreover, as its fifteenth affirmative defense, Defendant contends that Plaintiff's claims are "barred and/or preempted by the Labor Management Relations Act." (Ex. BB, ¶15.)

<h3 style="text-align:center"><u>TIMELINESS OF REMOVAL</u></h3>

6. On January 25, 2019, the Ninth Circuit published <u>Curtis et al. v. Irwin Industries, Inc.</u>, which held that where a valid CBA exists pursuant to Labor Code section 514, a claim for unpaid overtime is controlled by the CBA and is completely preempted under 29 U.S.C. §185.

7. Prior to the <u>Curtis</u> decision, this action was not removable. Indeed, under the previous standard articulated by the Ninth Circuit in <u>Gregory v. SCIE, LLC</u>, 317 F.3d 1050 (9th Cir. 2003), even where a valid CBA existed pursuant to Labor Code section 514, an overtime claim was <u>not</u> completely preempted by 29

-3-

SMRH:489536267.1                                             DEFENDANT'S NOTICE OF REMOVAL

1 U.S.C. §185 because Labor Code section 510, rather than the CBA defined which
2 hours constituted "overtime hours." Id. at 1053. The Curtis decision stated that the
3 rule articulated in Gregory v. SCIE, LLC, 317 F.3d 1050 (9th Cir. 2003) was
4 incorrect.

5    8.   This Notice of Removal is timely as the case stated by the initial
6 pleading was not removable and it is filed within thirty (30) days of the first receipt
7 by a defendant of a copy of an "order or other paper" (in this case, the Curtis
8 decision) from which it was first ascertained that the case had become removable.
9 28 U.S.C. § 1446(b)(3).

**LMRA PREEMPTION UNDER 29 U.S.C. § 185**

11    9.   Plaintiff's overtime claim in the SAC is completely preempted by 29
12 U.S.C. § 185 (i.e., § 301 of the LMRA) and, thus, this case may be removed
13 pursuant to 28 U.S.C. § 1441(a). See Curtis, 913 F.3d at 1152 ("Although normally
14 federal preemption is a defense that does not authorize removal to federal court, §
15 301 has such extraordinary preemptive power that it converts an ordinary state
16 common law complaint into one stating a federal claim for purposes of the well-
17 pleaded complaint rule. In other words, a civil complaint raising claims preempted
18 by § 301 raises a federal question that can be removed to federal court.") (internal
19 citation omitted for clarity).

20    10.  As his second cause of action, Plaintiff alleges that Defendant failed to
21 pay daily overtime (i.e. overtime for hours worked over 8 in a day) to 10-hour and
22 12-hour shift employees pursuant to Labor Code section 510. (SAC, ¶20.)

23    11.  Pursuant to the ruling in Curtis and 29 U.S.C. §185, Plaintiff's claims
24 are controlled by the CBAs that were in effect during the proposed class period.
25 Thus, 29 U.S.C. §185, a federal law, applies and the claims are preempted. See
26 generally 29 U.S.C. § 185(a) ("Suits for violation of contracts between
27 an employer and a labor organization representing employees in an industry
28 affecting commerce as defined in this chapter, or between any such labor

-4-

organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."). Accordingly, this Court has original jurisdiction over the overtime claim in this action.

## SUPPLEMENTAL JURISDICTION

12. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining state law causes of action, most of which are predicated on and related to Plaintiff's claim for alleged failure to pay overtime, which is preempted pursuant to 29 U.S.C. § 185. See generally SAC. Plaintiff's state law causes of action are so related to the federal claim, so as to form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

13. Venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(b). This action originally was brought in the Superior Court of the State of California, County of Merced.

## NOTICE OF REMOVAL

14. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Merced.

15. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendants are attached hereto as the following exhibits, including: the Complaint, summons, civil case cover sheet, and notice of inclusion of CMC (Exhibit A), the FAC and summons (Exhibit B), the notice of posting of jury fees (Exhibit C), the notice of association of counsel (Exhibit D), the notice of filing proof of service of summons (Exhibit E), Defendant's answer to the FAC (Exhibit F), the notice of related case (Exhibit G), the opposition to notice of related case (Exhibit H), the parties' joint case management conference statement (Exhibit I), the

1  CMC findings and order (Exhibit J), the stipulation re neutral mailer (Exhibit K), the
2  order re neutral mailer and the notice of entry of order re neutral mailer (Exhibit L),
3  the parties' joint statement re status conference (Exhibit M), the status conference
4  order (Exhibit N), the declaration of mailing from the administrator (Exhibit O), the
5  parties' joint statement re further status conference (Exhibit P), the status conference
6  order (Exhibit Q), the stipulation and protective order and the notice of entry of
7  protective order (Exhibit R), the notice of related case (Exhibit S), the parties' joint
8  statement re further status conference (Exhibit T), the status conference order
9  (Exhibit U), the notice of related case (Exhibit V), the parties' joint stipulation to
10 allow Plaintiff to file the SAC and proof of service (Exhibit W), the order to allow
11 Plaintiff to file the SAC (Exhibit X), the notice of entry of order to allow Plaintiff to
12 file the SAC (Exhibit Y), the SAC (Exhibit Z), the order assigning the action to the
13 Honorable Brian L. McCabe (Exhibit AA), and Defendant's answer to the SAC
14 (Exhibit BB).

**WHEREFORE**, Defendant requests that the above action pending before the Superior Court of the State of California for the County of Merced be removed to the United States District Court for the Eastern District of California.

Dated:  February 21, 2019         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                                  By    /s/ Tracey A. Kennedy
                                        RICHARD J. SIMMONS
                                        TRACEY A. KENNEDY
                                        DANIEL J. McQUEEN
                                        LIMORE TORBATI
                                        NATASHA L. DOMEK
                                        Attorneys for Defendant
                                        DIGNITY HEALTH