Joseph Antonelli, Esq. (SBN 137039)
JAntonelli@antonellilaw.com
Janelle Carney, Esq. (SBN 201570)
JCarney@antonellilaw.com
LAW OFFICE OF JOSEPH ANTONELLI
14758 Pipeline Ave., Suite E, 2nd Floor
Chino Hills, CA 91709
Tel. (909) 393-0223/ Fax: (909) 393-0471

Robert L. Starr (Bar No. 183052)
Robert@frontierlawcenter.com
Adam M. Rose (Bar No. 210880)
adam@frontierlawcenter.com
Theodore R. Tang (Bar No. 313294)
theodore@frontierlawcenter.com
FRONTIER LAW CENTER
23901 Calabasas Rd., #2074
Calabasas, CA 91302
Tel.: (818) 914-3433 / Fax: (818) 914-3433
Attorneys for Plaintiffs and all others similarly situated and the general public

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT VAN BEBBER, on behalf of himself and all others similarly situated and the general public,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>DIGNITY HEALTH, a California Corporation, dba MERCY MEDICAL CENTER—MERCED, and DOES 1 to 100, inclusive,<br>　　　　　　Defendant. | Case No.: 1:19-cv-00264-DAD-EPG<br>Hon. Dale A. Drozd<br>Courtroom: 5, 7th Floor<br><br>**NOTICE OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:  January 29, 2021<br>Time: 10:00 a.m.<br>Courtroom: 5, 7th Floor<br><br>Action Filed: July 13, 2017<br>Removal Date: February 22, 2019<br>Trial Date:  July 13, 2022 |

**NOTICE OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on January 29, 2020 in Courtroom 5, 7th Floor of the above Court, located at the Robert E. Coyle Federal Courthouse, 2500 Tulare Street, Fresno, CA 93721, the Hon. Dale A. Drozd presiding, Plaintiffs Robert Van Bebber, Martha Ochoa, and Rachel Clover will seek an Order certifying this case as a class action under Federal Rule of Civil Procedure ("F.R.C.P.") Rules 23 (a), (b)(1) and (b)(3). Plaintiffs will proceed upon this Motion, the accompanying Declarations, and any other further briefings and arguments of counsel.

**RELIEF SOUGHT:**

Plaintiffs request that this Court grant certification of this action under F.R.C.P. Rules 23 (a),(b)(1) and (b)(3), appoint Plaintiff's counsel to serve as counsel to the classes ("Class Counsel"), and authorize Notice to the Classes of the pending action and its members' right to opt-out under F.R.C.P. Rule 23(d)(2).

**PROPOSED CLASSES:**

This action be certified as a class action as to the following classes:

**Class Definition:**

All non-exempt hourly employees of Defendant who worked at the Mercy Medical Center Merced facility at least one (1) day from July 13, 2013 through the date of class certification order.

**Class 1:**

All non-exempt hourly employees of Defendant who worked at the Mercy Medical Center Merced facility at least one (1) day of more than eight (8) hours in a day or more than forty (40) hours in a week from July 13, 2013 through the date of class certification order and who worked overtime and earned additional pay during the overtime week, and were not paid premium overtime and/or double time at the employee's regular rate of pay. ("Regular Rate/Overtime class ");

/////

/////

**1**
**NOTICE OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**Class 2:**

All non-exempt hourly employees of Defendant who worked at least one (1) day at the Mercy Medical Center Merced facility from July 13, 2013 to the date of the class certification order and who were paid pursuant to Defendant's rounding policy and practice. ("Rounding Class").

**Sub-Class 1:**

All non-exempt hourly clinical employees of Defendant who worked at least one (1) day at the Mercy Medical Center Merced facility from July 13, 2013 to the date of the class certification order and who were paid pursuant to Defendant's rounding policy and practice. ("Rounding Clinical Sub-Class").

**Class 3:**

All non-exempt hourly patient care employees of Defendant who worked at least one (1) day at the Mercy Medical Center Merced facility and worked at least one (1) standby shift from January 14, 2015 to the date of the class certification order. ("On Call/Standby Class").

**Class 4:**

All non-exempt hourly employees of Defendant who worked at least one (1) day at the Mercy Medical Center Merced facility from July 13, 2013 through the date of class certification order who were not provided legally-compliant second meal period breaks when working more than a ten (10) hour shift ("Second Meal Break Class");

**Sub-Class 2:**

All hourly non-exempt employees of Defendant who worked at Mercy Medical Center Merced facility at least one (1) day from July 13, 2013 through date of class certification order, who signed a written meal period waiver. ("Meal Period Waiver Sub-class");

**Sub-Class 3:**

All non-exempt hourly clinical employees of Defendant who worked at least one (1) day at the Mercy Medical Center Merced facility from July 13, 2013 through the date of class certification order who were not provided legally-compliant second meal period breaks. ("Meal Break Sub-Class");

**NOTICE OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**Sub-Class 4[1]:**

All California employees who worked for Defendant from July 13, 2013 through the date of class certification order who were paid a missed meal period payment in a week that the employee also received a non-discretionary bonus or other type of pay along with their regular wages. ("Meal Period Regular Rate Sub- Class);

**Class 5:**

All non-exempt hourly employees of Defendant who worked at least one (1) day at the Mercy Medical Center Merced facility from July 13, 2016 through the date of class certification order who were provided a paystub (a.k.a. wage statement) from Defendant ("Pay Stub Class"). (This is a derivative class for all classes and sub-classes).

**Class 6:**

All non-exempt hourly clinical employees of Defendant who worked at least one (1) day at Mercy Medical Center Merced facility at any time from January 14, 2015 through the date of class certification, who were not provided with 10-minute rest periods for every 4 hours of work or major fraction thereof. ("Rest Break Class")

**Sub-Class 5:**

All California employees who worked for Defendant from July 13, 2013 through the date of class certification order who were paid a missed rest period payment in a week that the employee also received a non-discretionary bonus or other type of pay along with their regular wages. ("Rest Period Regular Rate Sub-Class);

**Class 7:**

All California based non-exempt hourly employees of Defendant who worked for Defendant at any time from January 14, 2016 through the date of class certification, who are no

---

[1] Plaintiffs' proposed subclass 4&5 regarding the rate at which meal and rest period premiums are paid are the subject of the Plaintiffs' Motion for Leave to file An Amended Complaint, that was filed out of an abundance of caution as Plaintiffs believed these subclasses, while not specifically defined were alleged in the operative pleading. Plaintiffs' filed a Motion for Leave to Amend Third Amended Complaint on June 8, 2020.  The motion is fully briefed but no ruling has been entered.  Plaintiffs seek to clarify the following classes and add a Fair Labor Standards Act ("FLSA") cause of action.

**3**
**NOTICE OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

longer employed by Defendant and were not paid all their earned wages. ("Waiting Time Penalty Class"). (This is a derivative class for all classes and sub-classes).

Further, the Plaintiffs request that:

1. Robert Van Bebber, Martha Ochoa, and Rachel Clover be determined to be a suitable class representative.

2. Joseph Antonelli and Janelle Carney of Law Office of Joseph Antonelli; Robert L. Starr, Manny Starr and Adam M. Rose, of Frontier Law Center be appointed class counsel.

This motion is made on the basis that the Plaintiffs' classes meet all prerequisite requirements and grounds for class certification as set forth in <u>Federal Rules of Civil Procedure</u> Rule 23 (a), (b)(1), and (b)(3).

Additionally, Defendant subjects all employees to its uniform policies and practices and timekeeping system that does not provide pay for all time worked.  Further, there are uniform policies and practices that demonstrate and fails to provide compliant meals and rest periods and all employees receive an itemized statement with information dictated by Defendant.

This motion is based on

1. The Notice of Motion;
2. The Memorandum of Points and Authorities filed concurrently herewith;
3. The Declaration Binder filed concurrently herewith;
4. The Deposition Testimony attached in the Notice of Lodging Deposition Excerpts filed concurrently herewith;
5. The Exhibit Binder filed concurrently herewith;
6. Request for Judicial Notice filed concurrently herewith;

Furthermore, the motion is based upon all pleadings, documents, and evidence on file in this case, and argument before the Court at the hearing on this Motion.

Dated:  September 4, 2020       LAW OFFICE OF JOSEPH ANTONELLI
                                FRONTIER LAW CENTER

                                By: _____
                                Janelle Carney, Attorney for Plaintiffs

**4**
**NOTICE OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**