UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT VAN BEBBER, on behalf of himself and all others similarly situated and the general public,<br><br>    Plaintiff,<br><br>    v.<br><br>DIGNITY HEALTH,<br><br>    Defendant. | No. 1:19-cv-00264-DAD-EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDAITONS IN PART<br><br>(Doc. Nos. 35, 45, 67) |

    Plaintiffs Robert Van Bebber, Rachel Clover, and Martha Ochoa, on behalf of themselves and all others similarly situated and the general public, are proceeding in this wage-and-hour class action suit against Defendant Dignity Health. Plaintiffs' motion for leave to amend and motion for class certification were referred to a United States Magistrate Judge for issuance of findings and recommendations. (Doc. Nos. 28, 58.)

    On March 30, 2021, the assigned magistrate judge issued findings and recommendations recommending that plaintiffs' motion for leave to amend be denied and that plaintiffs' motion for class certification be granted in part and denied in part. (Doc. No. 67.) These findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days. (*Id.* at 42–43.) On April 13, 2021, the parties timely

/////

filed objections to the findings and recommendations.[1] (Doc. Nos. 68, 70.) On April 27, 2021, the parties filed timely responses to the respective objections. (Doc. Nos. 71, 75.)[2]

In their objections, plaintiffs argue that the Regular Rate/Overtime Class and that the Rest Break Class should be certified, but do not otherwise object to the findings and recommendations. (Doc. No. 70.) Specifically, plaintiffs assert that the Regular Rate/Overtime Class "involves a single unified objective issue[, namely] . . . whether the bonuses are non-discretionary and the answer will be the same for each class member" such that it "effect[s] a cohesive group" of employees that warrants class certification. (*Id.* at 2, 4.) Plaintiffs also contend that the Rest Break Class should be certified, pointing to plaintiffs' evidence, and submitted deposition testimony to show that "in practical application compliant off-duty rest periods were not made available to the class members." (*Id.* at 6.)

On the other hand, defendant objects to the certification of all four of the classes that the magistrate judge recommended be certified. (Doc. No. 68 at 4, 11, 18.) Defendants largely reiterate the same arguments previously made in their opposition to plaintiffs' motion to certify class, asserting that plaintiffs have not supported certification with sufficient evidence, that common issues do not predominate, and that not all plaintiffs are typical of the proposed classes. (*Id.* at 4–9, 10, 14, 16–18.) Defendant additionally argues that plaintiffs' Rounding Class claim

---

[1] Defendant also filed two requests for judicial notice in connection with its objections to the pending findings and recommendations and its response to plaintiffs' objections. (Doc. Nos. 69, 72, 74.) Plaintiffs filed objections to defendants' requests for judicial notice. (Doc. Nos. 73, 77.) In both requests, defendant seeks judicial notice of an opinion letter from the California Division of Labor Standards Enforcement on the issue of meal compensation in the health care industry. (*See* Doc. Nos. 69, 74.) "The DLSE's opinion letters, while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 958 (9th Cir. 2013) (quoting *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1029 n. 11 (2012)). Pursuant to Federal Rule of Evidence 201(b), which permits courts to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," the court grants defendants' requests for judicial notice.

[2] Plaintiffs also filed a proposed class notice and distribution plan on May 4, 2021. (Doc. No. 76.) Defendant objected, contending that the proposed class notice and distribution plan is premature. (Doc. No. 78.) The court agrees. Plaintiffs' proposed class notice and distribution plan will be disregarded as premature.

is partially preempted, that a different standard for "hours worked" applies to health care employees such that the On Call/Standby Class should not be certified, and that plaintiffs failed to address the governing standards for "hours worked." (*Id.* at 10, 11–13, 15.)

Both parties' objections in large part repeat the arguments and reference evidence thoroughly analyzed and addressed by the magistrate judge in the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review. Having carefully reviewed the entire file, including the objections and responses filed by both parties, the court concludes that the findings and recommendation are supported by the record and proper analysis, with the exception of the recommendation that plaintiffs Rachel Clover and Martha Ochoa be appointed as representatives of the On Call/Standby Class. (Doc. No. 67 at 42.) In its objections, defendant correctly notes that only plaintiff Rachel Clover was assigned on call/standby time and that plaintiff Martha Ochoa was not. (Doc. No. 68 at 22.) Plaintiffs do not contest this aspect of defendant's objections to the pending findings and recommendations. (*See* Doc. No. 75.) Indeed, plaintiffs only submitted evidence that Rachel Clover was assigned on call/standby time, and did not submit any such evidence as to Martha Ochoa. (*See* Doc. No. 45-2 at 273, 276–280.) Therefore, Martha Ochoa's claims are not typical of this class. Accordingly, the undersigned will adopt the findings and recommendations with the exception that only Rachel Clover, and not Martha Ochoa, will be appointed as the class representative for the On Call/Standby Class.

Accordingly,

1. The findings and recommendations entered on March 30, 2021 (Doc. No. 67) are adopted in part;
2. Plaintiffs' motion for leave to amend (Doc. No. 35) is denied;
3. Plaintiffs' motion for class certification (Doc. No. 45) is granted in part and denied in part;
4. The following classes and subclasses are certified:

/////

      a. All non-exempt hourly employees of Defendant who worked at least one (1) day at the Mercy Medical Center Merced facility from July 13, 2013 to the date of the class certification order and who were paid pursuant to Defendant's rounding policy and practice ("Rounding Class");

      b. All non-exempt hourly clinical employees of Defendant who worked at least one (1) day at the Mercy Medical Center Merced facility from July 13, 2013 to the date of the class certification order and who were paid pursuant to Defendant's rounding policy and practice ("Rounding Clinical Sub-Class");

      c. All non-exempt hourly patient care employees of Defendant who worked at least one (1) day at the Mercy Medical Center Merced facility and worked at least one (1) standby shift from January 14, 2015 to the date of the class certification order ("On Call/Standby Class");

      d. All non-exempt hourly employees of Defendant who worked at least one (1) day at the Mercy Medical Center Merced facility from July 13, 2016 through the date of class certification order who were provided a paystub (a.k.a. wage statement) from Defendant ("Pay Stub Class");

      e. All California based non-exempt hourly employees of Defendant who worked for Defendant at any time from January 14, 2016 through the date of class certification, who are no longer employed by Defendant and were not paid all their earned wages ("Waiting Time Penalty Class");

5. Certification is denied as to all other classes and subclasses not specifically addressed in paragraphs 4(a)-(e) above, including the Regular Rate/Overtime Class, the Second Meal Break Class, the Meal Period Waiver Sub-Class, the Meal Break Sub-Class, the Meal Period Regular Rate Sub-Class, the Rest Break Class, and the Rest Period Regular Rate Sub-Class;

6. Plaintiffs Robert Van Bebber, Rachel Clover, and Martha Ochoa are found to be adequate class representatives and the court confirms plaintiffs Robert Van Bebber and Martha Ochoa as class representatives for the Rounding Class, plaintiff Rachel

4

       Clover as class representative for the Rounding Clinical Sub-Class, plaintiff Rachel Clover as class representative for the On Call/Standby Class, and plaintiffs Robert Van Bebber, Rachel Clover, and Martha Ochoa as class representatives for the Pay Stub Class and Waiting Time Penalty Class;

7. The court finds Joseph Antonelli and Janelle Carney of Law Office of Joseph Antonelli and Robert L. Starr and Adam M. Rose of Frontier Law Center to be adequate to represent the class in this proceeding and confirm them as class counsel;

8. The parties are directed to meet and confer promptly upon service of this order concerning the submission of a joint stipulated class notice and distribution plan in compliance with Rule 23(c)(2)(B);

9. The parties are directed to file either a stipulated class notice and distribution plan or a notice that no stipulation can be reached within twenty-one (21) days of service of this order. If the parties cannot agree to a class notice or distribution plan, plaintiffs are directed to submit a proposed class notice and distribution plan within thirty-five (35) days of service of this order, defendant is given fourteen (14) days following plaintiffs' submission of a proposed class notice and distribution plan to file any objections thereto, and plaintiffs are given seven (7) days thereafter to submit a reply; and

10. This matter is referred back to the assigned magistrate judge for further scheduling and other proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **September 7, 2021**                    /s/ Dale A. Drozd
                                                   UNITED STATES DISTRICT JUDGE